**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

|  |  |
|---|---|
| STEVE RACZ,<br><br>               Appellant,<br><br>       v.<br><br>KING COUNTY and KING COUNTY METRO TRANSIT and JOHN AND JANE DOES 1-10,<br><br>               Respondents. | No. 86693-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Steve Racz sued his former employer under Washington's Law Against Discrimination (WLAD), ch. 49.60 RCW, alleging that he was unlawfully terminated for failing to comply with the COVID-19 vaccination requirement. We affirm.

I

Racz was formerly employed at King County Metro Transit. In August 2021, the King County Executive issued an executive order mandating that all county employees be vaccinated against COVID-19 or submit a request for an exemption and accommodation. In September 2021, Racz requested an exemption from the COVID-19 vaccination requirement stating:

> It is my sincerely held religious belief that vaccines of any kind are not necessary for me as a professing Christian/born free American to be

healthy. I do not take vaccines, and I do not believe in vaccines especially the current "Covid" therapeutics which are being inaccurately described as vaccines. My beliefs are in conflict with King [County's] mandatory vaccine policy in a number of ways.
1. God made my immune system. My immune system does not need therapeutics/vaccines to prevent against disease.
2. I did not agree to forced medical procedures as a condition of employment when I was hired by King County many years ago.
3. I am morally and religiously opposed to forced/bullied/coerced vaccines/ therapeutics as a Christian/free American. My current job does not require and I am not seeking any accommodation for my religious exemption from King County. As a Christian/free American I believe that my freedom is granted to me by God and not Man or some other definition of a human being. It is my sincerely held religious belief that I have been given bodily autonomy and freedom of choice over medical procedures as they relate to my body by Almighty God and Jesus Christ ALONE. No human being has any right for any reason to try to force/coerce/bully me against my religion/beliefs into medical procedures I do not want or need as a condition of my employment or as a condition of any other pursuit in my life.

The religious accommodation committee granted Racz an exemption but ultimately denied his request for a religious accommodation. Racz was terminated in March 2022 for failing to comply with the vaccination requirement.

On May 26, 2023, Racz sued King County and King County Metro Transit (collectively, the County). Racz alleged a claim for failure to accommodate religion under the WLAD. The County moved to dismiss Racz's complaint under CR 12(b)(6) arguing that Racz failed to allege a religious conflict with the County's vaccination requirement. The trial court agreed and determined that Racz failed to articulate a religious belief that would prevent him from taking the vaccine.

Racz appeals.

II

Racz argues the trial court erred when it dismissed his complaint under CR 12(b)(6). We disagree.

We review a trial court's dismissal for failure to state a claim under CR 12(b)(6) de novo. Wash. Trucking Ass'n v. Emp't Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017). "A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint." McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d 25 (2016). Granting a motion to dismiss is "appropriate only when it appears beyond doubt that the plaintiff cannot prove any set of facts that would justify recovery." Wash. Trucking, 188 Wn.2d at 207. The facts alleged in the complaint are presumed true, but the court need not accept the legal conclusions as true. Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987).

Under the WLAD, employers may not refuse to hire, discharge, bar from employment, or discriminate against in compensation or other terms of employment any person because of their religion. RCW 49.60.180; see Kumar v. Gate Gourmet, Inc., 180 Wn.2d 481, 489-90, 325 P.3d 193 (2014). A prima facie claim of failure to accommodate religious practices under the WLAD requires a showing that (1) they had a bona fide religious belief, the practice of which conflicted with employment duties; (2) they informed the employer of the beliefs and the conflict; and (3) the employer responded by subjecting the employee to threatened or actual discriminatory treatment. Kumar, 180 Wn.2d at 501-02. Washington courts look to federal case law interpreting Title VII of the Civil Rights Act of 1964 to guide interpretation of the WLAD. Kumar, 180 Wn.2d at 491.

Racz did not allege a conflict between his religion and the COVID-19 vaccination requirement. He did not allege that a principle of his religious faith prohibited him from receiving the COVID-19 vaccination. His exemption request stated only that vaccines were not "necessary" as a "professing Christian/born free American to be healthy." As explained by the court in Bartholomew v. State, 693 F. Supp. 3d 1107, 1114 n.4 (W.D. Wash. 2023), "considering that not all Christian denominations may maintain the same beliefs, stating that one is a Christian does not identify the bona fide religious belief that conflicts with an employment requirement." See also Kather v. Asante Health Sys., 2023 WL 4865533, at *3 (D. Or. July 28, 2023); Gage v. Mayo Clinic, 2023 WL 3230986, at *2-3 (D. Ariz. May 3, 2023). Racz's assertion that he could not take the vaccine because he is Christian is insufficient to meet the first prong of the prima facie case.

Racz next argues that his complaint should not have been dismissed because it met the requirements of CR 8. We disagree. The trial court dismissed Racz's complaint under CR 12(b)(6), not CR 8. The trial court accepted the complaint's allegations as true and construed all inferences in Racz's favor, and it ultimately concluded that dismissal was appropriate. Whether the complaint met the requirements under CR 8, which provides for general rules of pleadings, is irrelevant to the determination of whether dismissal is appropriate under CR 12(b)(6).

Lastly, it is not relevant that the County granted Racz an exemption but denied him an accommodation. "The fact that [the County] determined that Plaintiff held a sincerely held religious belief does not establish that Plaintiff has pled, with particularity, that he held 'a bona fide religious belief, much less one that conflicted with a

-4-

requirement of [ ] [his] employment.'" Bartholomew, 693 F. Supp. 3d at 1113-14 (alterations in original) (quoting Troulliet v. Gray Media Grp., Inc., No. CV 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023) (court order)).  Racz failed to establish a prima facie case because he did not establish a bona fide religious belief that conflicted with the vaccination requirement.  The trial court did not err in dismissing Racz's WLAD-based religious accommodation claim.

We affirm.

_____
Mann, J.

WE CONCUR:

_____
Birk, J.

_____
Chung, J.